IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:26-CV-00374-KDB-MTO

| | |
|---|---|
| **DAIN ENNALS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LAND USE & ENVIRONMENTAL SERVICES OF MECKLENBURG COUNTY AND GOODWORK STAFFING,**<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant Land Use & Environmental Services of Mecklenburg County's ("LUESA") Motion to Dismiss (Doc. No. 14). The Court has carefully considered this motion and the Parties' memoranda in support and in opposition. For the reasons discussed below, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

### A. Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of establishing proper process and service of process. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). A summons must be issued and served in accordance with the Federal Rules of Civil Procedure before a federal court may exercise personal jurisdiction over a defendant. *See Hubbs v. City of Charlott*e, No. 3:25-CV-00069-KDB-DCK, 2025 WL 2608662, at *1–2 (W.D.N.C. Sept. 9, 2025), citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When process or service of process is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal

jurisdiction. *Id.*; *see also, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

**B. Rule (12)(b)(5)**

Prior to the exercise of personal jurisdiction, Plaintiff must satisfy the procedural requirement of service of a summons. *Omni Capital Int'l, Ltd.*, 484 U.S. at 104; *see also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 620 (4th Cir. 1997) ("[A] federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Id.*

A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. *See* Fed. R. Civ. P. 12(b)(5). In essence, a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (*per curiam*) (internal citation omitted); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

**C. Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007); *see also Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The Court may also consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-7 (4th Cir. 2015).

Further, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"); *Wray v. Tidal Music AS*, No. 3:25-CV-00875-KDB-DCK, 2026 WL 1469899, at *1–2 (W.D.N.C. May 26, 2026).

## II. FACTS AND PROCEDURAL HISTORY

This is an employment discrimination action. Although the Complaint is unclear, it appears that Plaintiff formerly worked at the Mecklenburg County Recycling Center as a temporary employee of Defendant Goodwork Staffing ("Goodwork"). On February 4, 2026, Plaintiff filed two Charges of Discrimination ("Charges") with the Equal Employment Opportunity Commission ("EEOC") naming as respondents "Mecklenburg County Recycling Center" and "Goodwork Staffing." (Doc. No. 1-1, pp. 2-4, 6-8, Charge Nos. 430-2026-00054 and 430-2026-00055.) On February 12, 2026, the EEOC issued a Determination and Notice of Rights in both matters, advising Plaintiff that his charges were dismissed and he had a right to sue within 90 days of receipt of the EEOC's notice of dismissal. (Doc. No. 1-1, pp. 1 and 5.)

Plaintiff's timely Complaint states that the alleged discriminatory acts occurred on various dates from April 7, 2025, through July 3, 2025. (Doc. No. 1, p. 4.) Plaintiff's Charge against Mecklenburg County Recycling Center was filed on or about February 4, 2026, or 217 days after the last act of alleged discrimination. The Complaint asserts three claims. First, Plaintiff alleges a

violation of the Fair Labor Standards Act ("FLSA") because Defendant allegedly did not allow "a fair unbiased equal method of visible objective time tracking." (Doc. No. 1, p. 5) Plaintiff contends that this caused Defendant's staff to unfairly stalk him and scrutinize his breaks and start and finish times, causing him to feel harassed.

Second, Plaintiff alleges violation of Title VII based on "sexism/race/hostile workplace." *Id*. Plaintiff alleges that he was assigned tasks that gave him a "King Kong complex feeling" and that a White female coworker made racist comments and used her influence to have him assigned to labor-intensive tasks or tasks beyond his qualifications. *Id*. Finally, Plaintiff alleges a violation of 42 U.S.C §1981 on the basis that he was treated as a "worthless temp" and when a customer called him by a racist name and Goodworks' staff did nothing about it. *Id*. Plaintiff was not terminated from his position; instead, he claims in effect that he was constructively discharged when he did not return to work after July 3, 2025. Plaintiff inquired with the county about being hired permanently but was advised that there were no available permanent positions. He further alleges that Goodwork advised that if he left his current assignment they had no comparable assignments available for him at the time. (Doc. 1-1, p. 3.)

Plaintiff alleges he has suffered harassment, embarrassment, belittling, fear, anxiety and depression and seeks $10,000,000 in damages. (Doc. No. 1, p. 7.) Plaintiff served the Complaint and Summons by process server on or about June 1, 2026, by hand delivery to Jeanne Quinn at Land Use & Environmental Service Agency, 2145 Suttle Avenue, Charlotte NC 28202. (Doc. Nos. 2 and 3.)

## III. DISCUSSION

LUESA moves this Court to dismiss Plaintiff's claims under Rules 12(b)(2), (5) and (6), making multiple arguments. Specifically, LUESA contends that 1) LUESA is not an entity capable

of being sued; 2) Plaintiff has failed to effect proper service of process; 3) Plaintiff's claims are time barred for failure to timely exhaust administrative remedies; and 4) the Complaint fails to allege facts sufficient to "raise a right to relief above the speculative level" such that the claim is "plausible on its face," as there is insufficient evidence of constructive discharge. The Court need not and will not address each of these arguments, all of which appear to have merit. It is sufficient to hold that LUESA is not an entity capable of being sued and Plaintiff's charge to the EEOC was untimely.

"The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)); *see also Smith v. Munday*, 848 F.3d 248, 256–57 (4th Cir. 2017); *Rose v. Mooresville Police Dep't*, No. 5:24-CV-00072-KDB-SCR, 2024 WL 2820117, at *2 (W.D.N.C. June 3, 2024). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." *McPherson v. First & Citizens Nat. Bank of Elizabeth City*, 81 S.E.2d 386, 397 (N.C. 1954). Because departments of municipalities are not "persons in being," they are not susceptible to suit without statutory authorization (which does not exist here). *See Martin v. Mecklenburg Cnty. Park & Recreation Dep't*, 2006 WL 3780418 at *2 (W.D.N.C. Dec. 20, 2006) (departments of cities cannot be sued alone). Therefore, LUESA is not an entity that may be sued, and all claims against it must be dismissed.

With respect to the timeliness of Plaintiff's EEOC charge, Title VII of the Civil Rights Act of 1964 requires that an employee must first exhaust his administrative remedies by timely filing a charge of discrimination with the EEOC. "A charge [must] . . . be filed within one hundred and eighty days after the alleged unlawful employment practices occurred…. 42 U.S.C. § 2000e-5(e)(1); *see EEOC v. Commercial Office Prods. Co*., 486 U.S. 107, 110 (1988); *Bryant v. Bell Atl.*

*Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Failure to timely file a charge with the EEOC bars a plaintiff's claim in federal court. *See McCullough v. Branch Banking & Trust Co*., 35 F.3d 127, 131 (4th Cir. 1994). As detailed above, Plaintiff's employment ended on July 3, 2025, and his EEOC Charge was not filed until February 4, 2026, more than 180 days later. (Doc. No. 1, p. 4.) Therefore, Plaintiff's Charge was not timely filed, and his Title VII claims will be dismissed as time barred.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant LUESA's Motion to Dismiss (Doc. No. 14) is **GRANTED**;
2. All of Plaintiff's claims against LUESA are **DISMISSED**; and
3. This case shall proceed towards trial on the merits of the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 28, 2026

Kenneth D. Bell
United States District Judge